IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>CODY MICHAEL ANDERSON,<br><br>Defendant. | CR 18-79-GF-BMM-JTJ<br><br>**FINDINGS AND RECOMMENDATIONS** |

## I. Synopsis

Defendant Cody Michael Anderson (Anderson) has been accused of violating the conditions of his supervised release. Anderson admitted alleged violations 1, 2, 3 and 4. The Court dismissed alleged violation 5 on the government's motion. Anderson's supervised release should be revoked. Anderson should be placed in custody for 12 months, with no supervised release to follow.

## II. Status

Anderson pleaded guilty to Assault with a Dangerous Weapon on December 10, 2018. (Doc. 21). The Court sentenced Anderson to 30 months of custody, followed by 3 years of supervised release. (Doc. 38). Anderson's current

term of supervised release began on March 31, 2021. (Doc. 64 at 2).

**Petition**

The United States Probation Office filed an Amended Petition on January 18, 2022, requesting that the Court revoke Anderson's supervised release. (Doc. 64). The Amended Petition alleged that Anderson had violated the conditions of his supervised release: 1) by using Kkratom; 2) by using Gabapentin; 3) by knowingly interacting with a convicted felon without obtaining the prior approval of his probation officer; 4) by failing to report for mental health treatment; and 5) by committing another crime.

**Initial appearance**

Anderson appeared before the undersigned for his initial appearance on January 25, 2022. Anderson was represented by counsel. Anderson stated that he had read the petition and that he understood the allegations. Anderson waived his right to a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on January 25, 2022. Anderson admitted that he had violated the conditions of his supervised release: 1) by using Kratom; 2) by using Gabapentin; 3) by knowingly interacting with a convicted

felon without obtaining the prior approval of his probation officer; and 4) by failing to report for mental health treatment. The Court dismissed alleged violation 5 on the government's motion. The violations that Anderson admitted are serious and warrant revocation of Anderson's supervised release.

Anderson's violations are Grade C violations. Anderson's criminal history category is IV. Anderson's underlying offense is a Class C felony. Anderson could be incarcerated for up to 24 months. Anderson could be ordered to remain on supervised release for up to 24 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 6 to 12 months.

### III. Analysis

Anderson's supervised release should be revoked. Anderson should be placed in custody for 12 months, with no supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Anderson that the above sentence would be recommended to United States District Judge Brian Morris. The Court informed Anderson of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Anderson that Judge Morris would consider a timely objection before making a final determination on whether to

revoke his supervised release and what, if any, sanction to impose. The Court also informed Anderson of his right to allocute before Judge Morris. Anderson stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

The Court **FINDS:**

> That Cody Michael Anderson violated the conditions of his supervised release: by using Kratom; by using Gabapentin; by knowingly interacting with a convicted felon without obtaining the prior approval of his probation officer; and by failing to report for mental health treatment.

The Court **RECOMMENDS:**

> That the District Court revoke Anderson's supervised release and commit Anderson to the custody of the United States Bureau of Prisons for 12 months, with no supervised release to follow.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure

to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a district court judge.

DATED this 26th day of January, 2022.

／s／ John Johnston
John Johnston
United States Magistrate Judge